**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DORNATUS TANZIL,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73753

Agency No. A099-737-825

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:     TASHIMA, GRABER, and IKUTA, Circuit Judges.

Dornatus Tanzil, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that the incidents Tanzil experienced in Indonesia, even considered cumulatively, did not rise to the level of past persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1059-60 (record did not compel finding of past persecution where petitioner was robbed and beaten as a youth, and accosted by a mob). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Tanzil failed to show sufficient individualized risk of harm to establish a well-founded fear of future persecution in Indonesia. *See Halim*, 590 F.3d at 979. We reject Tanzil's contentions that the BIA failed to consider all the evidence, applied the incorrect legal standard, or otherwise improperly analyzed his claim. Accordingly, Tanzil's asylum claim fails.

Because Tanzil failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1189-90 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of Tanzil's CAT claim because he failed to demonstrate it is more likely than not he would

be tortured by or with the consent or acquiescence of a public official in Indonesia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Tanzil's contention that the BIA failed to fully or properly consider the evidence, and his contention that the BIA misapplied the legal standard for CAT.

**PETITION FOR REVIEW DENIED.**